IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 2:23-cv-03601-WHR-MRM |
| | ) | |
| BEST BUDZ SMOKE SHOP LLC d/b/a NORTHPOINTE SMOKE SHOP, ABDALLA AZZAM, AND ABDULLAH ARMAN, | ) | Judge Walter H. Rice |
| | ) | Magistrate Judge Michael R. Merz |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT**

Pursuant to Federal Rule of Civil Procedure 55(c), Defendants Best Budz Smoke Shop LLC d/b/a Northpoint Smoke Shop, Abdalla Azzam, and Abdullah Arman ("Defendants"), by and through counsel, respectfully request this Court set aside, or vacate, the default entry (ECF 14) entered against the Defendants on February 2, 2024 and the notation Order granting Plaintiff's Motion for Entry of Clerk's Default Against Defendants of January 30, 2024 (ECF 10) for the reasons set forth more fully in their memorandum in support below. This motion is unopposed.

Respectfully submitted,

Date: February 5, 2024

/s/ F. Michael Speed, Jr.
Jeffrey S. Standley (OH Bar 0047248)
F. Michael Speed, Jr. (OH Bar 0067541)
**Standley Law Group LLP**
6300 Riverside Drive
Dublin, Ohio 43017
Telephone: (614) 792-5555
Fax: (614) 792-5536
jstandley@standleyllp.com
mspeed@standleyllp.com

litigation@standleyllp.com
*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

## I. Introduction

The Complaint in this action was filed by Plaintiff against Defendants on October 30, 2023. The undersigned counsel for Defendants were retained by the Defendants on January 18, 2024. On that same day, January 18, 2024, counsel for Defendants contacted counsel for Plaintiff to request an extension of time to file an Answer. On the afternoon of January 18, 2024, Plaintiff's counsel responded that there were three related cases, including this present action before this Court. Counsel agreed to 60 day extensions with waivers of service. See email attached as Exhibit A.

On January 26, 2024, the undersigned counsel followed-up with Plaintiff's counsel via email requesting Plaintiff's counsel send the waiver of service forms. On January 31, 2024, Defendants' counsel sent the signed Waiver of the Service of Summons forms via email to Plaintiff's counsel and Plaintiff's counsel consented to Defendants filing the Waiver of the Service of Summons forms in all three of the related legal actions before this Court. See email attached as Exhibit B. The completed Waiver of the Service of Summons forms were filed with this Court on January 31, 2024, setting forth an agreed upon answer or a motion under Rule 12 deadline of March 18, 2024, 60 days from January 18, 2024. The undersigned counsel believes there may have been some confusion or misunderstanding due to the three separate legal actions filed in this Court and to the related parties, *GS Holistic, LLC v. Goodfellas Smoke Shop LLC, etc., et al.*, Case Number 2:23-cv-03578, *GS Holistic, LLC v. Laylas Hookah Lounge LLC, etc., et al*., Case Number 2:23-cv-03234, and this action, *GS Holistic, LLC v. Best Budz Smoke Shop LLC, etc., et al.*, as

Plaintiff filed Returns of Services on January 29, 2024, and a Motion for Default Judgment on January 30, 2024 (ECF 8, 8-1, 8-2, and 9). The undersigned counsel entered their Notices of Appearance on February 2, 2024.

The undersigned counsel contacted counsel for Plaintiff on February 5, 2024, to meet and confer regarding this motion and counsel for Plaintiff indicated that Plaintiff will not oppose this motion to set aside the entry of default.

## II. Analysis

There is no final judgment in this matter. Rule 55(c) of the Federal Rules of Civil Procedure provides that that "the court may set aside an entry of default for good cause, and it may set aside a final default judgment…" When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if "good cause" has been shown under the Rule 55(c) component of the analysis: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced. *Burrell v. Henderson*, 434 F. 3d 826 (6th Cir. 2006), 831-832, citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992), citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845(6th Cir. 1983).

### 1. The Defendants were not culpable

There exists a legitimate misunderstanding between Plaintiff and Defendants' counsel relating to service and agreement for waiver of service. As outlined above, Defendants' counsel was retained on January 18, 2024. On that date, Defendants' counsel requested an extension of time to answer. Plaintiff's counsel indicated that he would be amenable to a waiver of service in this case. No return of service of the Complaint was filed at the time of that email exchange in this case. On January 31, 2024, counsel for Defendants sent draft waivers of service forms to

Plaintiff's counsel who consented to their filing. The waiver of service forms were filed on January 31, 2024, ECF 11, 12, and 13.

In light of the agreement relating to letting Defendants answer in accordance with the waiver of service forms, the Court should not find that Defendants were culpable here.

**2. The Defendants have meritorious defenses**

"In determining whether a defaulted defendant has a meritorious defense, likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co. v. Seaboard Coastline RR,* 705 F.2d 839, 845 (6th Cir. 1983). The likelihood of success of the proffered defense is not to be considered. *Shepard Claims Serv., Inc. v. William Darrah & Assocs*., 796 F.2d 190, 193 (6th Cir. 1986).

The primary allegation in this matter is that Defendants have engaged in trademark infringement (the Stündenglass trademarks) and are allegedly selling counterfeit products. Defendants will respond to Plaintiff's Complaint as follows: 1) That they thought that they were purchasing legitimate products from their wholesaler, 2) that Plaintiff is apparently a trademark holding company, not selling product in commerce, with no allegation that the entity selling the trademarked product is a licensee of the trademark[1], meaning that Plaintiff may not have standing; 3) that the volume of allegedly infringing product is less than 10 total units such that any damages would be quite small; 4) that Defendants' conduct is not willful; and 5) that the wholesaler that Defendants purchased products from might be licensed by the Plaintiff. These defenses are meritorious such that the default should be set aside.

---

[1] The website associated with products marked with the Stündenglass trademarks indicates that the corporate entity selling those products is Stündenglass Technologies, LLC not GS Holistic, LLC (Ex. C).

**3. The Plaintiff will not be prejudiced by vacating the default**

"To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

This and the other cases between Plaintiff and Defendant are recently filed. There has been no discovery and there is no risk of continued infringement because Defendant has stopped selling the allegedly infringing product until resolution of this matter. Moreover, Plaintiff agreed to an extension of time to answer. Accordingly, Plaintiff is not prejudiced.

## III. Conclusion

For the foregoing reasons, Defendants respectfully request this Court set aside, or vacate, the entry of default (ECF 14) and the Order granting Plaintiff's Motion for Entry of Clerk's Default Against Defendants of January 30, 2024 (ECF 10), to permit the Defendants an opportunity to participate in the defense of the Plaintiff's claims.

Respectfully submitted,

Date: February 5, 2024

/s/ F. Michael Speed, Jr.

Jeffrey S. Standley (OH Bar 0047248)
F. Michael Speed, Jr. (OH Bar 0067541)
**Standley Law Group LLP**
6300 Riverside Drive
Dublin, Ohio 43017
Telephone: (614) 792-5555
Fax: (614) 792-5536
jstandley@standleyllp.com
mspeed@standleyllp.com
litigation@standleyllp.com

*Counsel for Defendants*