THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GS HOLISTIC, LLC, :

      Plaintiff, :

          Case No. 2:23-cv-3601

v. :

          Judge Walter H. Rice

BEST BUDZ SMOKE SHOP LLC,     Mag. Judge Michael R. Merz
d/b/a NORTHPOINTE SMOKE :
SHOP, *et al.*,

      Defendants.

---

ORDER SUSTAINING MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #32); JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS BEST BUDZ SMOKE SHOP LLC, d/b/a NORTHPOINTE SMOKE SHOP, ABDALLA AZZAM, AND ABDULLAH ARMAN ON THE ISSUE OF THE VALIDITY AND OWNERSHIP OF TRADEMARK NOS. 6,174,291, 6,174,292, AND 6,633,884

---

This case is before the Court on the Motion for Partial Summary Judgment of Plaintiff GS Holistic, LLC. (Doc. #32) On October 30, 2023, Plaintiff filed its Complaint against Defendants Best Budz Smoke Shop LLC, d/b/a Northpointe Smoke Shop, Abdalla Azzam, and Abdullah Amran. (Doc. #1). Defendants filed an Answer on March 18, 2024. (Doc. #19). On April 11, 2025, the Court ordered Plaintiff to move for partial summary judgment against Defendants as to the validity and ownership of United States Patent and Trademark Office ("USPTO") Registration Nos. 6,174, 291; 6,174,292; and 6,663, 884 ("Stundenglass Marks"); if

Plaintiff failed to do so, then the case would proceed to trial. (Order, Doc. #29, PAGEID 115-16). On May 7, 2025, Plaintiff filed its Motion. (Doc. #32). Defendants filed a memorandum *contra* (Doc. #34), Plaintiff filed a reply memorandum (Doc. #44), and Defendants filed a sur-reply. (Doc. #47).[1] The matter is ripe for decision.

I. **Legal Standards**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not

---

[1] The reply and sur-reply addressed matters of Defendants' potential liability or lack thereof, which is outside the scope of the original Motion. The Court does not consider these arguments now, but will hear and address such arguments pursuant to a litigation schedule to be determined later.

sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. FED.R.CIV.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however,

3

the court may also consider other properly presented materials in the record. FED.R.CIV.P. 56(c)(3).

## II. Analysis

In its Motion, Plaintiff presents substantial, valid, and undisputed evidence that the Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 are valid, active, and assigned to Plaintiff. Specifically, Plaintiff has attached true and accurate copies of the Stundenglass Marks registration with the USPTO. (C. Folkerts Decl. 1, Doc. #32-1, PAGEID 128, ¶ 7, citing Marks, Doc. #32-2, PAGEID 132-37).

> Receipt of a registered trademark automatically invokes a statutory presumption that the trademark is valid. The statutory presumption shifts the burden of proof to the party challenging the validity of the mark. Furthermore, the District Court may not overrule the decision of registerability of the Patent and Trademark Office (PTO) unless the party challenging the mark argues persuasively that the mark was ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593 (6th Cir. 1989) (internal citations omitted).

In their memorandum *contra*, Defendants state that they "are not challenging the validity or ownership of Plaintiff's trademarks." (Doc. #34, PAGEID 141). As there is no dispute, much less a material one, over ownership or validity of the Stundenglass Marks, Plaintiff's Motion for Partial Summary Judgment (Doc. #32) is SUSTAINED. Judgment shall ultimately enter in favor of Plaintiff and against Defendants that Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 have been continuously valid, active, and assigned to Plaintiff.

4

The captioned case shall be set for trial on the issues of liability and damages.

IT IS SO ORDERED.

August 28, 2025

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT