**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

Case Number: 2:23-cv-03601- WHR-MRM

GS HOLISTIC, LLC,

Plaintiff,

v.

BEST BUDZ SMOKE SHOP LLC
d/b/a NORTHPOINTE SMOKE
SHOP, ABDALLA AZZAM, and
ABDULLAH ARMAN,

Defendants.
_______________________________/

**PLAINTIFF'S MOTION FOR SANCTIONS**
**AGAINST DEFENDANTS FOR FAILURE TO APPEAR FOR DEPOSITION**

Plaintiff, GS HOLISTIC, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 37 and this Court's Minute Entry regarding attempts to coordinate and schedule depositions, respectfully moves for sanctions against Defendants and states as follows:

1. On July 30, 2026, the Court entered its Minute Entry regarding attempts to coordinate and schedule depositions.

2. Under FED. R. CIV. P. 37(b)(2)(A)(ii), a court may, on motion, impose sanctions when a party fails, after being served with proper notice, to appear for that party's deposition. Further, FED. R. CIV. P. 37(d)(3) provides that the sanctions authorized by Rule 37(b)(2)(A)(i)–(vi) may be imposed for such a failure and that the court must require the party, attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

unless the failure was substantially justified or other circumstances make an award of expenses unjust.

3. Plaintiff duly noticed the deposition of Defendant Abdullah Araman for August 10, 2026. The deposition notice was properly served upon Defendant and/or their counsel of record. Despite receiving notice of the depositions, Defendant failed to appear and/or otherwise failed to participate in their duly noticed depositions. Defendants did not seek a protective order, move to quash the deposition notices, or otherwise obtain relief from their obligation to appear. As a result of Defendant's failure to appear, Plaintiff incurred unnecessary attorney's fees, costs, and expenses in preparing for and attending the scheduled depositions.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Find that Defendant Abdullah Araman violated Federal Rule of Civil Procedure 37(d);
B. Award Plaintiff its reasonable attorney's fees, court reporter fees, videographer fees, and all costs incurred in connection with the noticed depositions and this Motion;
C. Strike Defendants' pleadings and/or defenses, if the Court deems appropriate;
D. Prohibit Defendants from introducing evidence on matters for which discovery was sought;
E. Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 11, 2026, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF and it was sent electronically to all NEF registered parties.

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030